### No. 26494

**City of Aurora, Colorado, a municipal corporation v. Samuel J. Dilley, Melvin W. Morely, and J. Richard McGovern, as representatives of the individuals signing petitions requesting an election to add a new Article XIV to the Charter of the City of Aurora**

(526 P.2d 657)

Decided September 23, 1974.

Visvaldis Jaunarajs, Leland M. Coulter, Richard Kaufman, for petitioner-appellant.

Friedman, Bader & Dufty, Robert A. Dufty, for respondents-appellees.

Susan K. Griffiths, amicus curiae, Colorado Municipal League.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is a declaratory judgment action, brought by the City of Aurora, seeking a determination that a proposed initiated amendment to the charter of the City of Aurora is unconstitutional. The district court dismissed the action. We affirm.

A petition signed by over 4,500 persons was presented to the City of Aurora, asking that an amendment to the city's charter be submitted to vote by the qualified electors of the city. The city council has not called such an election. The city brought this action to obtain a declaration of unconstitu-

tionality of the amendment and a ruling that, therefore, the matter need not be submitted to a vote of the people.

The proposed charter amendment provides that the members of the fire department of the city shall have the right of collective bargaining as to wages, rates of pay, hours, grievance procedure, working conditions and all other terms and conditions of employment. After rather extensive provisions as to collective bargaining, it provides for compulsory arbitration in the event that issues are unresolved in bargaining. In the event that there are unresolved issues, the American Arbitration Association is to be notified and it is to submit a list of seven proposed arbitrators. The city and the bargaining unit each shall cross off two of the names on the list, and the Association is to select the three arbitrators from the names remaining.

The respondents (with the exception of the Attorney General) are a class representing the members of the fire department. The city contends that the amendment is invalid as the provisions for compulsory arbitration unconstitutionally delegate legislative authority and, even assuming constitutionality in that respect, it constitutes an unconstitutional delegation of power by reason of failure to prescribe standards. In addition to opposing the city on the merits, the respondents have argued that the action is premature in that the electorate may reject the amendment, making the subject moot.

■ The proposed amendment contains a severability clause, *i.e.*, if a portion is declared invalid, this will not affect the remainder of the amendment. Thus, if we were to rule now that the compulsory arbitration provisions are unconstitutional for either or both of the reasons suggested by the city, it would mean that none of the amendment could be presented to a vote under the petition as filed. In other words, neither the district court nor we have authority to order the submission to a vote of anything less than the entire amendment. If the matter is submitted to the electorate and the amendment is adopted, and if thereafter upon presentation of these issues to the district court it concludes that the compulsory arbitration provisions are

unconstitutional, then conceivably it — or we on appeal — could rule that the collective bargaining provisions are still in effect. For this reason we think it the better part of wisdom not to pass upon these issues at this juncture.

It has been argued by the respondents that an attempt to obtain a decision regarding the constitutionality of any proposed charter amendment prior to an election would be premature. We do not accept this argument except as applied to the facts in this case. Just as we do not pass on the constitutional questions now, we leave the door open to pass on constitutionality or unconstitutionality of proposed initiated measures in advance of election, if in the future we think it appropriate so to rule.

Judgment affirmed.